## EDWARD BROFF
vs.
## SILVER LIQUOR STORES, INC., ET ALS.

Present: Hon. PATRICK B. O'SULLIVAN,
A Judge of the Superior Court.

S. S. Googel,                 Attorney for the Plaintiff.

Raymond Devlin,             Attorney for the Defendants.

## MEMORANDUM FILED SEPTEMBER 27, 1937.

O'SULLIVAN, J. The Seagram-Distillers Corporation is engaged in the distillation of various liquors which are put upon the market under distinctive labels and are in free and open competition with comparable products of other distillers. The Sisson Drug Company of Hartford acts as its agent and distributor in the State of Connecticut. In such capacity, the drug company entered into a written agreement with the plaintiff, Broff, who operates a retail liquor package-store in New Britain, whereby the latter agreed he would not sell, offer or advertise for sale any of the Seagram products at less than the prices set forth in an annexed schedule. The defendants were thereupon notified of the execution and terms of the agreement. By this procedure, the contracting parties were endeavoring to take advantage of an Act, popularly known as the Fair Trade Act, passed by the recent General Assembly, which removed any statutory infirmity from all agreements which fell within the ambit of the following partially quoted section:

"Sec. 2. No contract relating to the sale or resale of a commodity which bears, or the label or container of which bears, the trademark, brand or name of the producer or distributor of such commodity and which commodity is in free and open competition with commodities of the same general class produced or distributed by others shall be construed to violate any provision of the General Statutes by reason of any of the following provisions which may be contained in such contract:

"(a)   That the buyer will not resell such commodity at less than the minimum price stipulated by the seller;

"(b)   That the buyer will require from any dealer to whom he may resell such commodity an agreement that he will not, in turn, resell at less than the minimum price stipulated by the seller . . . ."

To provide a method of redress, the Legislature added the following:

"Sec. 6.   Wilfully and knowingly advertising, offering for sale or selling any commodity at less than the price stipulated in any contract entered into pursuant to the provisions of this Act, whether the person so advertising, offering for sale or selling is or is not a party to such contract, is unfair competition and is actionable at the suit of any person damaged thereby."

That the Assembly may constitutionally enact this type of legislation is a settled question.   **Old Dearborn Distributing Co. vs. Seagram-Distillers Corp., 299 U. S. 183.**   Whether the Connecticut Act has removed only statutory infirmities of trade agreements without affording immunity from any common-law attack or whether the proper party plaintiff has instituted this action must yield, upon a motion for restraining order of temporary effect, to the superior weight of the apparent intention of the Legislature, especially as this course is fortified by practical considerations, among which is the fact that the applicant has agreed to file a bond to indemnify the defendants against loss, if upon a more critical analysis of the Act, it shall be established that an injunction is legally unavailable for the plaintiff.

Accordingly, when the plaintiff shall have filed with the undersigned a bond of indemnity in the amount of $2,500., a temporary injunction may issue restraining the defendants from selling any of the Seagram products at a price below that established in the agreement between the Sisson Drug Company and Edward Broff.